PITTSBURGH TERMINAL CORPORATION, etc., Plaintiff,

v.

The BALTIMORE AND OHIO RAILROAD the Chesapeake and Ohio Railway CSX Corporation John T. Collinson Alvin R. Carpenter Roland W. Donnem Paul R. Goodwin Norman G. Halpern John S. Lanahan Kenneth C. Morriss Richard G. Rayburn, Defendants.

No. C84–1267.

United States District Court, N.D. Ohio, E.D.

March 31, 1987.

Michael P. Malakoff, Virginia L. Reichard, Gallagher, Sharp, Fulton & Norman, Joseph F. McDonough, Manion, McDon-

ough & Lucas, Pittsburgh, Pa., for plaintiff.

Charles F. Clarke, Eben G. Crawford, James J. Maiwurm, Francis Floriano Goins, Squire, Sanders & Dempsey, Robert F. Hochwarth, Gen. Atty., Chessie System Railroads, Cleveland, Oh., for defendants.

## JUDGMENT ENTRY

KRENZLER, District Judge.

The plaintiff, Pittsburgh Terminal Corporation ("PTC"), a Pennsylvania corporation, brought this shareholder derivative action for The Baltimore and Ohio Railroad ("B & O"), a Maryland corporation, against the B & O, The Chesapeake and Ohio Railway ("C & O"), CSX Corporation ("CSX"), and eight officers and directors of B & O and C & O. In Count One of the complaint, the plaintiff alleges that the defendants breached their fiduciary duties of care and loyalty to B & O by requiring B & O to sell its stock in Western Maryland Railway Company ("WMR") to C & O for a price that was too low, to the detriment of the minority shareholders of B & O. In Count Two, the plaintiff alleges that the defendants took improper advantage of their controlling interest in B & O by causing B & O to execute an operating agreement with WMR. The plaintiff requested the following relief: rescission of the merger of WMR with Peakbay (another wholly owned C & O/CSX subsidiary), and rescission of the sale of B & O's shares in WMR to C & O; rescission of the operating agreement with WMR; rescissionary damages; costs including reasonable attorneys' fees; and any other further relief which this Court deems just and proper.

This matter came on for trial on Count One. Count Two was dismissed prior to trial for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). Upon consideration of the evidence and testimony at trial, this Court finds that the exchange of B & O's WMR common stock for $55 per share which was arranged and approved by the defendants was fair and reasonable to B & O. The Court, therefore, concludes that the defendants did not breach their fiduciary duties of care and loyalty to B & O by approving and implementing the sale of B & O's WMR stock to C & O.

Accordingly, judgment is entered in favor of all the defendants and against the plaintiff on Count One of the complaint. This Court's findings of fact and conclusions of law in this matter to follow. Plaintiff to pay costs.

IT IS SO ORDERED.